UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICCARDO GREEN,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN COMMERCIAL SECURITY SERVICES, INC.,<br><br>        Defendant. | Case No. C07-1837MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND DENYING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS |

This matter comes before the Court on the Defendant's motion for Rule 11 sanctions. (Dkt. No. 39.) Plaintiff Green opposes the motion and has cross-moved for sanctions against Defendant. (Dkt. No. 30.) Having considered the motion and response/cross-motion, Defendant's response to the cross-motion (Dkt. No. 41), Plaintiff's reply (Dkt. No. 45) and Defendant's reply (Dkt. No. 47) all documents submitted in support and the balance of the record, the Court GRANTS Defendant's request for sanctions and DENIES Plaintiff's cross-motion for sanctions. Defendant shall submit an accounting of the fees and costs incurred in opposing Plaintiff's motion for summary judgment and in bringing the instant motion.

**Background**

On November 14, 2007, Plaintiff Riccardo Green filed a complaint against his former employer, American Commercial Security Services, Inc. ("ACSS") for alleged employment discrimination and retaliation. (Dkt. No. 1.) Mr. Green paid the court filing fee on November 21. On December 31, ACSS answered and asserted various affirmative defenses. (Dkt. No. 5.) On

ORDER — 1

1 January 17, 2008, the Court issued a request that the parties meet and confer, exchange initial
2 disclosures, and file a joint status report no later than February 28, 2008. (Dkt. No. 8.) The
3 parties exchanged initial disclosures and Plaintiff served Defendant with discovery requests on
4 February 19, 2008. (Dkt. No. 40, Phillips Decl. ¶ 2.) Before the answers and responsive materials
5 to Plaintiff's discovery requests were due or served, and before any depositions had been taken,
6 on February 29, Plaintiff filed a motion for summary judgment on all nineteen of his claims. (Dkt.
7 No. 13.)

8 By letter dated March 10, 2008, ACSS served Mr. Green with a Federal Rule of Civil
9 Procedure 11 motion for sanctions. (Phillips Decl. ¶ 3, Ex. A.) The letter explained that if Mr.
10 Green did not withdraw his summary judgment motion, ACSS would file the sanctions motion
11 with the Court. (Id.) Mr. Green did not withdraw the motion.

12 In response to Defendant's motion for sanctions, Mr. Green both opposed the motion and
13 cross-moved for sanctions under Rule 11 against Defendant. (Dkt. No. 30.) Mr. Green did not
14 apprise Defendant of his intention to move for sanctions prior to filing his motion with the Court.

15 **Discussion**

16 **I.      Standard for Rule 11 Sanctions**

17 Federal Rule of Civil Procedure 11 authorizes sanctions for the filing of papers that are
18 frivolous, intended to harass, or lacking in factual or legal support. Warren v. Guelker, 29 F.3d
19 1386, 1388 (9th Cir. 1994). Rule 11 sanctions may be imposed on pro se litigants. Id. Like
20 attorneys, pro se litigants are held to an objective standard of reasonableness, although "what is
21 objectively reasonable for a pro se litigant and for an attorney may not be the same." Business
22 Guides, Inc. v. Chromatic Commn's, Enter., Inc., 892 F.2d 802, 811 (9th Cir. 1989). The district
23 court may take into consideration a litigant's pro se status in fashioning an appropriate sanction.
24 Id.

25 The express goal of the rule is to deter frivolous litigation. Christian v. Mattel, Inc., 286
26 F.3d 1118, 1127 (9th Cir. 2002) ("One of the fundamental purposes of Rule 11 is to 'reduce

27
ORDER — 2

frivolous claims, defenses or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and unnecessary expense in litigation.'") (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986)). To that end, Rule 11 provides, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay

ORDER — 3

>a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(b) & (c).

As a preliminary matter, the Court notes that Mr. Green is not a new litigant in this Court. He has filed fifteen lawsuits against employers and other defendants in this district since 2004. See Green v. Northwest Hospital, 2:04-cv-02320-JCC (closed 01/19/06); Green v. North Seattle Community College, 2:05-cv-00129-TSZ (closed 05/03/06); Green v. University of Washington, 2:06-cv-00464-MJP (closed 10/03/06); Green v. Shoreline Community College, 2:06-cv-00465-MJP (closed 12/22/06); Green v. University of Washington Temporary Staff Company, 2:06-cv-00466-MJP (closed 07/18/06); Green v. Westin Hotel (Seattle), 2:06-cv-00467-MJP (closed 09/06/06); Green v. North Seattle Community College et al., 2:06-cv-01230-JCC (closed 03/09/07); Green v. Fairmont Olympic Hotel, 2:06-cv-01231-RSL (closed 01/12/07); Green v. North Seattle Community College, 2:06-cv-01456-JCC (closed 03/06/07); Green v. Seattle Art Museum, 2:07-cv-00058-MJP (ongoing); Green v. HWA Inc, 2:07-cv-00079-MJP (closed 07/02/07); Green et al v. California Court Apartments LLC, 2:07-cv-00334-MJP (closed 03/10/08); Green v. Bastyr University LLC, 2:07-cv-01170-JCC (closed 12/07/07); Green v. Seattle Art Museum, 2:07-cv-01735-MJP (ongoing). As the Court recently explained in an order granting sanctions against Mr. Green in a separate case, "Plaintiff is (or should be) well-versed in his obligations to prosecute his cases in accordance with the rules of civil procedure and the ethical requirements of all practitioners before this court." Green v. Seattle Art Museum, C07-0058MJP, 2008 WL 624961, at *9 (Feb. 8, 2008) (imposing sanctions for discovery violations). Although Mr. Green is not an attorney, he has litigated enough in this court to understand the importance of compliance with the procedural rules. The Court will hold him to a appropriate standard that reflects his litigation experience in federal court.

Defendant argues that Rule 11 sanctions are appropriate because Mr. Green filed a summary judgment motion that was not factually well-founded. Because Mr. Green will bear the

ORDER — 4

burden of proof on all nineteen of his claims at trial, he needed to affirmatively demonstrate through his summary judgment briefing and evidence that no reasonable trier of fact could find against him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); see also Watts v. United States, 703 F.2d 346, 347 (9th Cir. 1983) ("To obtain a summary judgment in favor of a claim, the moving party must offer evidence sufficient to support a finding upon every element of his or her claim except those elements admitted by the adversary."). Moreover, the evidence presented by the parties on summary judgment must be admissible. Fed. R. Civ. Proc. 56(e). And "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact." Soremekun, 509 F.3d at 984.

Shortly after the parties exchanged initial disclosures and only nine weeks after Defendant filed its answer, on February 29, Mr. Green filed a summary judgment motion on all nineteen of his claims. Mr. Green attached no declarations or other evidence relevant to his particular claims. The only documents that Mr. Green attached to his motion are photocopies of informational pamphlets from the Equal Employment Opportunity Commission regarding The Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, and other employment issues. (See Dkt. No. 14.) At other times, both before and after filing his motion for summary judgment, Mr. Green has filed "declarations" and "supplemental declarations" with attached exhibits. (See Dkt. Nos. 9–10 (filed 02/22/08), 15 (filed 03/05/08), 31 (filed 03/27/08), 34–35 (filed 03/31/08), 48 (filed 04/18/08)). Mr. Green's motion for summary judgment does not specifically point to any of these declarations or exhibits and the Court will not assume that he intended to reference any of those materials in his briefs.[1] The district court is not obligated to search the record for material facts

---

[1] Mr. Green does refer throughout his motion to "all pleadings, documents, admissions, exhibits, answers to interrogatories, and affidavits in support of motion for summary judgment FRCP 56." (See Mot. at 2, 3, 4, 6, 8, 10, 11, 12, 14, 15, 16, & 17) (some pages contain variation of quoted phrase). Not once does he point to a specific document filed in this case. Nor does he even paraphrase the evidence that any such document contains. His brief does not contain a statement of the facts that he alleges support his claims. His brief contains eighteen pages of case citations (many irrelevant to his claims) and recitation of various rules.

ORDER — 5

and "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Moreover, even if the Court were inclined to comb through the hundreds of pages of documents filed by Mr. Green to see whether any of the documents support his claims, it would be incredibly prejudicial to consider any evidence he filed after Defendant filed its responsive brief on March 24. See Hamilton v. Willms, No. 1:02-CV-6583 AWI-SMS, 2007 WL 2558615, at *11 (E.D. Cal., Sept. 4, 2007) (explaining that rule prohibiting new evidence or argument in reply prevents "sandbagging" of non-moving party and provides opposing counsel the chance to respond). Because the extraneous declarations and exhibits will not be considered and because the documents that were attached to Mr. Green's summary judgment motion are merely general informational pamphlets with no factual relevance to Mr. Green's particular claims, the Court finds that Mr. Green did not provide any factual support for his global summary judgment motion.

In a similar case, the Ninth Circuit upheld a district court's imposition of sanctions against an attorney who filed an unsupported summary judgment motion on behalf of his client in her employment discrimination case. Mossman v. Roadway Express, Inc., 789 F.2d 804, 805 (9th Cir. 1986). In Mossman, the attorney filed the motion only fourteen weeks after the defendant answered and before the defendant had provided substantive discovery responses. Id. The district court found that plaintiff's summary judgment motion was "poorly thought out, unsupported by facts and the required documentation, premature, and an inappropriate use of Rule 56 to delineate issues." Id. at 806. The Ninth Circuit upheld the sanctions. Id. The court noted that as the party with the burden of proof at trial, the plaintiff "was required to present specific facts supported by affidavits which, if uncontradicted, would entitle [her] to a directed verdict at trial." Id. Because the attorney "provided no affidavits of facts in support of his motion," the Ninth Circuit concluded that the district court "was justified in finding that the motion was not well grounded in fact and merited sanctions." Id. (internal quotation marks omitted).

ORDER — 6

1    Similarly here, Plaintiff has filed a global summary judgment motion that is wholly
2 unsupported by any facts relevant to his particular case. Moreover, the motion was filed <u>before</u>
3 Plaintiff received any discovery responses from Defendant. Mr. Green could not possibly have
4 fulfilled his obligation to reasonably investigate the facts underlying Defendant's denial of his
5 claims and Defendant's affirmative defenses. Mr. Green brought an unsupported motion for
6 which he bears the burden and forced Defendant to expend resources to respond to it.[2] Because
7 Mr. Green's motion for summary judgment is unsupported by facts and premature, it is
8 sanctionable. See Mossman, 789 F.2d at 806. The Court will impose appropriate sanctions —
9 Mr. Green must pay Defendant's fees and costs in responding to the motion for summary
10 judgment and also in bringing the present motion for sanctions. See Fed. R. Civ. P. 11(c)(4).
11    This is not the first time the Court has sanctioned Mr. Green. The Court has imposed
12 monetary sanctions three separate times for discovery violations in Green v. Seattle Art Museum,
13 C07-0058MJP (Dkt. Nos. 73, 91, 115). Mr. Green has not paid any of the fees due in that case.
14 Mr. Green's conduct in this case mirrors that in other cases — he files many motions, many of
15 which border on being frivolous, forcing the opposing party and the Court to spend valuable
16 resources and time analyzing and responding to his arguments. It appears that he uses these
17 harassing litigation tactics to strong arm his opponents into settlement. Indeed, one of his
18 arguments for sanctions against Defendant is that Defendant has refused to settle with him.[3] The

---

[2]    The Court acknowledges that Rule 56 authorizes a party to move for summary judgment at any time after 20 days have passed from commencement of the action. Fed. R. Civ. P. 56(a). But Rule 56(a) does not supplant Rule 11's requirement that a litigant conduct a reasonable inquiry into the facts and law at issue in the motion. In these particular circumstances, it is not reasonable for a plaintiff to move for summary judgment on his claims before obtaining discovery responses.

[3]    In his opposition brief, Plaintiff writes: "Plaintiff asserts defendant has failed to settle this case and misunderstands the material facts and claims pending against defendant before this court regarding unlawful discrimination. Plaintiff has in good faith tried to resolve and settle this case, and stipulate to release claims, but have been denied." (Dkt. No. 30, Plf's Opp./X-Motion, at 3). In his reply, he writes: "Plaintiff requested settlement to reduce litigation costs for both parties, reduce and

1  Court's perspective on Mr. Green's intentions is informed, not only by his filings in the fifteen

2  cases he has brought in this Court, but also by an email he sent to Court staff in the fall of 2006.

3  Mr. Green inquired in that email whether there is a limit on the number of civil lawsuits an

4  individual may file in federal court. Why would he need to make such an inquiry unless he

5  intended to continue generating more litigation? The Court will not tolerate litigants abusing the

6  judicial process for financial or personal gain. The Court cautions Mr. Green that it will not

7  hesitate to impose sanctions, both monetary and non-monetary, to control its own docket and the

8  conduct of federal court litigants and to protect the integrity of the judicial process.

9        In terms of Mr. Green's motion for sanctions against Defendant, Mr. Green argues that

10 Defendant violated Rule 11 by failing to settle this case and by filing a harassing motion for

11 sanctions. Mr. Green also argues that Defendant defamed him and violated the ethical rules of

12 conduct by alleging that he had not received responses to discovery requests. And Mr. Green

13 suggests that Defendant's motion for sanctions should be stricken under Federal Rule 12(f). The

14 Court will not consider the merit of any of these arguments because Mr. Green did not follow the

15 safe harbor provisions of Rule 11. Mr. Green did not serve his cross-motion for sanctions twenty-

16 one days <u>before</u> filing it with the Court. (Phillips Decl. ¶ 2.) Because Mr. Green did not follow

17 the procedure outlined in Rule 11(c)(2), his cross-motion for sanctions will not be considered.

18 **Conclusion**

19     Mr. Green has brought an unsupported and premature summary judgment motion. His

20 harassing litigation tactics force the Court and the opposing party to expend valuable resources to

21 evaluate and respond to his materials. His conduct violates Federal Rule 11. As a sanction, he

22 must pay Defendant's costs and fees incurred in responding to the motion for summary judgment

23 and in bringing the present motion for sanctions. Defendant shall provide Mr. Green and the

---

25 eliminate judicial court resources and time, and resolve case, but instead receives directly from
defendant written threats of sanctions in a form of harassment, demands to plaintiff to withdraw
26 motion for summary judgment, and name labeling. Plaintiff did not realize it would be difficult to
settle this case with defendant due to plaintiff status and race." (Emphasis omitted.)
27

ORDER — 8

1 Court with an accounting of the costs and fees incurred within ten (10) calendar days of this
2 order.  Mr. Green shall have ten (10) calendar days to respond to the accounting of fees and
3 costs.  The Court will then consider the reasonableness of the fees and costs and will issue an
4 order imposing the fees and costs and a deadline by which they must be paid.

5       The clerk is directed to send copies of this order to all counsel of record and to Mr.
6 Green.

7       Dated: May 5, 2008.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER — 9