UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICCARDO GREEN,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN COMMERCIAL SECURITY SERVICES, INC.,<br><br>                Defendant. | No. C07-1837MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 57.) Plaintiff asks the Court to reconsider its May 5, 2008, order granting Defendant's motion for Rule 11 sanctions and denying Plaintiff's motion for sanctions. (See Dkt. No. 56.) Specifically, Plaintiff's motion for reconsideration argues that the Court should deny Defendant's motion for sanctions and grant Plaintiff's motion for summary judgment. Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

Mr. Green has not shown that the Court manifestly erred, nor has he brought to light new facts or legal authority supporting his position. In its May 5, 2008, order, the Court imposed sanctions under Federal Rule 11 against Mr. Green because he brought a premature and factually unsupported motion for summary judgment on claims for which he bears the burden of proof. Mr.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Green argues that the Court should reverse itself because: (1) Plaintiff does not have sufficient funds to pay the attorneys' fees; (2) Plaintiff identified evidence supporting his motion in his reply brief; (3) the Court should have taken into account all of the evidence Plaintiff has filed; (4) Plaintiff is a pro se litigant; and (5) Defendant continues to refuse to settle with Plaintiff. None of these reasons provides sufficient basis for reconsideration. As the Court explained at length in its previous order, although Mr. Green is proceeding pro se, he is an active litigant in this Court and should be familiar with the procedural rules. The Court also explained that it is not required to comb through the record to find evidence that supports a party's claims.[1] And the Court explained that it cannot, in fairness, consider evidence that is identified in a <u>reply</u> brief. The fact that Defendant refuses to settle is immaterial to any of the issues presented in these motions. And whether Plaintiff has sufficient funds to pay the sanctions is not a basis for reconsideration of the imposition of the sanctions.

Because Mr. Green filed an unsupported and premature summary judgment motion that caused the Court and the opposing party to expend valuable resources to evaluate and respond to his papers, and because Mr. Green has offered no good reason for the Court to reverse itself, the motion for reconsideration of the order imposing sanctions is DENIED.[2]

The clerk is directed to send copies of this order to all counsel of record and to Mr. Green.

Dated: May 12, 2008.

Marsha J. Pechman
United States District Judge

---

[1] Contrary to what Mr. Green apparently believes, a party moving for summary judgment is not allowed to provide rolling filings of evidence to support its motion. The Court <u>will not consider</u> any evidence in the record when analyzing a party's summary judgment brief unless (1) that evidence is presented before or at the same time as the filing of the motion or response, so that it is in the record for the other party to consider, and (2) the party offering the evidence points to that evidence in his motion or response and provides a record citation so that the Court may easily find the evidence.

[2] Because the Court has not yet ruled on Plaintiff's motion for summary judgment, it would be inappropriate to consider that motion in the context of this motion for reconsideration.

ORDER DENYING MOTION FOR RECONSIDERATION - 2